IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| RONNIE CHARLES THOMAS and | )  Case No. 13-44201-13 |
| DIANE LOUISE THOMAS, | ) |
| | ) |
| Debtors. | ) |

ORDER DENYING TRUSTEE'S MOTION TO DENY
CONFIRMATION OF CHAPTER 13 PLAN

The Chapter 13 Trustee filed a Motion to Deny Confirmation of the Amended Chapter 13 Plan filed by Ronnie Charles Thomas and Diane Louise Thomas. One of the stated bases for the Motion to Deny Confirmation is that the Debtors are proposing to repay Kwik Auto Finance on a car loan at the 19.95% contract rate of interest. The Trustee asserts the Chapter 13 rate, as set by local rule, is the proper rate to determine present value under § 1325(a)(5)(B). For the reasons that follow, the Trustee's Motion to Deny Confirmation of Chapter 13 Plan on this basis is DENIED.

Section 1325(a)(5)(B) provides that the Court shall confirm a plan if the plan provides, among other things, that the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed secured claim is not less than the allowed amount of such claim. Complying with this Code provision generally requires the payment of an appropriate rate of interest on the claim.[1] In this District, the local rules provide a presumed appropriate rate in Chapter 13 cases. Local Rule 3084-1.E provides:

---

[1] *See Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct. 1951 (2004) (holding that, in Chapter 13 cases, a formula approach, requiring adjustment of the prime national interest rate based on risk of nonpayment due to such factors as the circumstances of the estate, the nature of

**E. Present Value on Secured Claims (other than claims secured by debtor's residence).** Absent Court order to the contrary, all filed and allowed secured claims entitled to present value will be paid present value at the Chapter 13 rate (referenced below) unless the plan/plan summary specifically provides for "zero" interest.

Filed and allowed oversecured claimants to whom § 506 applies shall receive their contract rate of interest, if provided on or with the proof of claim, from the date of the petition up to the date of confirmation. From the date of confirmation forward, filed and allowed oversecured claimants shall receive the posted "CHAPTER 13 RATE." If the contract rate is not provided on the face of the proof of claim, such a claimant will receive the posted "CHAPTER 13 RATE" from the date of the petition forward. An oversecured claim is one in which the fair market value of the collateral exceeds the total amount of the claim.[2]

The Chapter 13 rate is calculated based on the 5-year Treasury note rate, plus a 3% nominal interest rate per annum.[3] In the Debtors' case, the applicable Chapter 13 rate is approximately 4.03%. The local rule provides an exception to its presumed application: "The posted Chapter 13 rate is, absent evidence to the contrary, presumed to be the applicable rate. Parties may introduce evidence to determine what the applicable market rate of interest might otherwise be, on a case-by-case basis."[4]

---

the security, and the duration and feasibility of the plan, was appropriate method for determining adequate rate of interest on cram down loan).

[2] Local Rule of Practice for the United States Bankruptcy Court for the Western District of Missouri 3084-1.5. The Eighth Circuit has endorsed the application of a Chapter 13 rate set by local rule. *See Household Automotive Fin. v. Gorham*, 22 Fed. Appx. 691 (8th Cir. 2001) (affirming the Bankruptcy Court's application of the Chapter 13 rate as appropriate and reasonable under the circumstances).

[3] Local Rule 3084-1.G.1.

[4] Local Rule 3064-1.G.3.

As stated, the Debtors propose to pay an auto loan to Kwik Auto Finance through the Plan at the contract rate of interest, which is 19.95%. The Trustee objects, asserting that the Debtors should be required to pay the much lower Chapter 13 rate. Both the Debtors and Kwik Auto Finance assert that the contract rate of interest should apply under the circumstances of this case.

Specifically, the Debtors were in a prior Chapter 13 case filed September 17, 2012.[5] While that case was pending, on March 28, 2013, the Debtors filed a Motion to Incur Debt to Purchase Vehicle, representing to the Court that their vehicle at that time was not mechanically sound and, thus, they needed to replace it. They stated they had obtained financing from Kwik Auto Finance to purchase a 2005 Ford 500. The deal provided for a $1,200 down payment, and total financing the amount of $7,095 at 19.95% interest for a monthly payment of $387 for approximately 24 months. In conjunction with that Motion to Incur Debt, the Debtors filed an amended Schedule J to show they could afford the payments they were proposing. The Court granted the Motion to Incur Debt on March 29, 2013. Accordingly, on April 2, 2013, the Debtors purchased a 2005 Ford 500 as proposed in the Motion, incurring total debt of $7,095 at 19.95% interest, for a monthly payment of $387 for approximately 24 months.

On October 8, 2013, that prior bankruptcy case was dismissed for default in plan payments.

Less than a month later, on November 5, 2013, the Debtors filed this Chapter 13 case. Schedule D in the current case lists, as a secured debt, the loan to Kwik Auto, with a balance of approximately $7,000. In their initial Plan filed with the case, the Debtors proposed to pay Kwik Auto's claim at the Local Rule Chapter

---

[5] *In re Ronnie Charles Thomas and Diane Louise Thomas*, Case No. 12-43884, filed in the United States Bankruptcy Court for the Western District of Missouri.

13 interest rate, with an equal monthly payment (EMA) of $200. Unsecured creditors were to receive a zero dividend under the original Plan. Kwik Auto objected, asserting that the proposed treatment violated the specifically-outlined terms of the Order approving the Motion to Incur Debt in the prior bankruptcy case. Kwik Auto asserted it had agreed to finance the Debtors' purchase of the vehicle only under the terms of the Motion and Order entered in the prior case. In effect, Kwik Auto asserted that the original Plan in this case was not filed in good faith as required by § 1325(a)(3), given the circumstances surrounding the Debtors' obtaining the loan in the first bankruptcy case.

In response to Kwik Auto's objection, the Debtors proposed an amended Plan, proposing to pay Kwik Auto's claim at the contract rate of interest, 19.95%, with an EMA of $400 per month. At the hearing on the Trustee's Motion to Deny Confirmation, Debtors' counsel stated they were proposing the contract rate of interest because of Kwik Auto's lack of good faith argument.

I do not suggest here that filing a bankruptcy case and proposing the Chapter 13 rate shortly after entering a loan with a higher rate of interest is bad faith *per se*.[6] Rather, bad faith must be determined on a case-by-case basis, based on the circumstances of the particular case. Here, however, it is significant that, in making the loan to the Debtors, Kwik Auto relied on a *Court Order* at least implicitly finding that the contract rate of interest was appropriate. Furthermore, the Debtors here are actually proposing to pay the higher interest rate. And, even at the lower Chapter 13 rate proposed in their original Plan, unsecured creditors were to receive a zero dividend. As such, as compared to the original Plan, the amended Plan does not take money out of the unsecured creditors' hands. It also

---

[6] *See In re Powell*, 2013 WL 1829837 at *304 (Bankr. D. Kan. May 1, 2013) (discussing cases holding both ways on the issue of whether proposing a plan with a lower interest rate shortly after buying a car is bad faith under § 1325(a)(3)).

bears noting that no other creditors have objected to the amended Plan. I find, based on the circumstances of this case, that the Plan is not proposed in bad faith due to its containing a provision which pays the car lender at the contract rate.

ACCORDINGLY, the Trustee's Motion to Deny Confirmation is DENIED as to the interest rate proposed to be paid to Kwik Auto Finance. If the Chapter 13 Trustee's additional bases for denial of confirmation remain – namely, feasibility and the length of plan payments – the Chapter 13 Trustee is directed to file a new Motion to Deny Confirmation within 7 days.

IT IS SO ORDERED.

Dated: 5/1/14                               /s/ Arthur B. Federman
                                            Chief Bankruptcy Judge